Patrick A. McDonald vs. Fire Engineers of Clinton
& others.

Worcester. September 27, 1922. — October 10, 1922.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Carroll, JJ.

*Civil Service. Municipal Corporations, Fire department.*

The board of fire engineers of a town which had accepted the provisions of the civil service statute, acting under G. L. c. 48, § 36, voted to "promote" to the position of permanent driver a member of the call fire department who had been certified by the town physician to be competent for duty physically, and notified the civil service commissioners of "said promotion" and of the physical fitness of the fireman. Within six months thereafter the board of fire engineers voted to dismiss the fireman as a permanent driver and thereafter voted to reduce him for cause from the position of driver in the permanent fire department to that of a call man and so notified the civil service commissioner. Upon a petition by the fireman for a writ of mandamus to compel his recognition as a member of the permanent fire department, it was *held,* that

(1) Under Rule 24 of the civil service commission, the petitioner was on probation for six months after his appointment as a permanent fireman, and, having been discharged within the probationary period, he was not entitled to the benefits of the civil service law relating to removal, suspension, lowering in rank or compensation;

(2) The provisions of G. L. c. 48, § 36, accepted by the town, did not prevent the petitioner from being subject to the provisions of Rule 24 of the civil service commission;

(3) The vote to "promote" the petitioner was a vote to appoint him to the position as a permanent fireman, and that was an "original appointment for permanent employment" under Rule 24 of the civil service commission.

Petition, filed in the Supreme Judicial Court for the county of Worcester on October 27, 1921, and afterwards amended, for a writ of mandamus commanding the respondents, the board of fire engineers of the fire department of the town of Clinton, to recognize the petitioner as a permanent member of the fire department of that town and to permit him to perform the duties incident to his office and to restore him to the payroll of the department; and commanding the respondent, William V. O'Connell, the treasurer of the town, to restore the petitioner to the payroll of the department, and the respondent, Reginald Bates, to abstain from acting as a member of the fire department of Clinton "and from usurping the office or employment of" the petitioner.

Material facts alleged in the amended petition are described in the opinion. The respondents by their answer to the amended petition admitted the facts alleged therein and averred that they were not sufficient in law to entitle the petitioner to the issuance of the writ. The case was reserved by *Braley*, J., upon the pleadings for determination by the full court.

*F. P. McKeon*, for the petitioner.

*P. D. Howard*, for the respondents, submitted a brief.

CROSBY, J. This petition as amended is for a writ of mandamus to compel the respondents, as members of the board of fire engineers of the fire department of the town of Clinton, to recognize the petitioner as a permanent member of the fire department of that town, to permit him to perform the duties incident to such office, and to require the respondent O'Connell, as treasurer of the town, to restore his name to the payroll of that department.

The case is reserved by a single justice upon the pleadings; and as the amended answer admits the facts stated in the petition, the question of law presented is, do the allegations of the petition entitle the petitioner to the relief which he seeks?

The petition alleges that the petitioner was duly appointed a call man in the fire department of the town of Clinton on or about January 11, 1912; that at the annual town meeting held on or about March 2, 1914, the town voted to accept the provisions of R. L. c. 19, § 37, relating to the civil service and any acts in amendment thereof, in so far as applicable to the fire department of the town; that at the same meeting the town accepted the provisions of St. 1913, c. 487 (see now G. L. c. 48, § 36); that the petitioner served as a member of the call fire department until on or about April 26, 1921; that sometime after January 11, 1912, he was promoted to the office of lieutenant of the call fire department; that on or about April 26, 1921, the board of fire engineers, acting under the authority of St. 1913, c. 487, voted to "promote" him from the rank of call man to the position of permanent driver; that he and the board of fire engineers complied with all the terms of the act, and the petitioner was certified by the town physician to be competent physically for duty; that on or about April 27, 1921, the board of fire engineers duly notified the civil service department of "said promotion" and of his physical fitness; and that the civil service commission ap-

proved the same; that on or about October 3, 1921, at a regular meeting of the board of fire engineers it was voted to dismiss the petitioner as a driver, such dismissal to take effect October 15, 1921, and on October 6, 1921, he was notified by the board that his services would not be required after October 15; that on or about October 8, 1921, the board notified the department of civil service that it had voted on October 3, to dismiss the petitioner from the fire department; that thereafter, on October 19, 1921, the board voted to reduce for cause the petitioner from the position of driver in the permanent fire department to that of call man, and notified the civil service department of such action, and also notified the petitioner to the same effect.

In order that the fitness of an applicant for a position in the public service may be ascertained, G. L. c. 31, § 3, cl. b provides for "Open competitive and other examinations to test the practical fitness of applicants."

It is provided by the same section, clause (e) that the civil service commission shall, subject to the approval of the Governor and Council, make rules and regulations which shall include a provision for "A period of probation before an appointment or employment is made permanent." In conformity with the foregoing statute, the following civil service rule was adopted: "Rule 24.   (1) Every original appointment for permanent employment in the Official Service shall be for the probationary period of six months; at the end of which time the probationer shall be regarded as holding office or employment under the Civil Service Law and Rules, unless the appointing officer at or before the expiration of said period discharges the person appointed and notifies the Commission to that effect."

The board of fire engineers in discharging the petitioner acted under Rule 24. It is plain that under that rule he was on probation from the date of his appointment as a permanent fireman on April 26, 1921, for a period of six months thereafter; and that as he was discharged before the expiration of that time, he is not entitled to the benefits of the civil service law respecting removal, suspension, lowering in rank, or compensation under G. L. c. 31, §§ 43, 44, 45.

The acceptance by the town of St. 1913, c. 487 (see now G. L. c. 48, § 36), did not affect the authority of the appointing board

to discharge the petitioner before the expiration of six months from the date of his appointment. That statute authorizes the board of engineers or other officer having charge of the fire department to appoint as members of the permanent force without civil service examination any persons who have served as call men for five or more consecutive years, provided that such persons are certified by the city or town physician to be competent physically for the duty. The petitioner as a call fireman was not required to pass an examination before appointment as a permanent fireman but was still subject to the provisions of Rule 24.

Although the board of fire engineers on April 26, 1921, voted to "promote" the petitioner "from the rank of call men to the position of permanent driver" under G. L. c. 48, § 36, the word "promote" must be construed as equivalent to the word "appoint," as the latter word is expressly used in the statute. Manifestly the petitioner's appointment while a call man was an "original appointment for permanent employment" under Rule 24, and he did not hold his position under the civil service until the expiration of the probationary period of six months therein provided. It follows that he was not entitled to notice and a hearing under G. L. c. 31, § 43.

The entry must be                                   *Petition dismissed.*