### CHARLES E. WELLS *vs.* COMMISSIONER OF PUBLIC WORKS OF NORTH ADAMS.

Berkshire. September 15, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Civil Service. North Adams. Municipal Corporations*, Officers and agents.

A city engineer, appointed, upon certification by the civil service commissioner, as a "permanent officer" by the commissioner of public
works of North Adams under the provisions of its charter, St. 1895,
c. 148, § 34, cl. 7, as amended by Spec. St. 1918, c. 103, § 13, does not
hold one of the positions described in G. L. c. 31, § 5, but by § 53 of the
charter is subject to the civil service rules and by rule 18 shall not "be
regarded as holding office or employment in the classified public service
until he has served a probationary period of six months"; and during
that period he may be dismissed without other notice than that his
services are not further required.

PETITION, filed in the Supreme Judicial Court for the
county of Berkshire on June 16, 1925, for a writ of mandamus directing the commissioner of public works of North
Adams to recognize the petitioner as city engineer and inspector of buildings of that city.

The case came on to be heard by *Crosby*, J., upon the
pleadings and an agreed statement of facts, and, at the request of the parties, he reported it for determination by the
full court. Material facts are described in the opinion.

The case was submitted on briefs.

*M. E. Couch*, for the petitioner.
*P. J. Ashe*, for the respondent.

BRALEY, J. St. 1895, c. 148, § 34, cl. 7, the city charter of North Adams, designated a city engineer who shall also be inspector of buildings, to be appointed by the mayor as one of the municipal administrative officers. The appointment was to be made on or before the first Monday in February and he was to hold office for the term of one year from that date unless sooner removed, or until his successor was appointed and qualified. By § 40 he was to give his whole time to the city, "and shall have sole charge and control of and shall attend to all the engineering work of the city." At the request of the board of public works he shall "prepare plans and estimates of any proposed alterations in or construction of public sewers and drains and conduits, streets, sidewalks, water works and other public works. He shall assist the city solicitor as far as possible in defending the city against suits and claims brought against it for damages sustained by reason of any defect or want of repair in any public way, or for any cause whatever. He shall perform such other duties as the city council may prescribe, not inconsistent herewith. As inspector of public buildings he shall have control of the enforcement of the regulations regarding plumbing and shall perform such other duties as shall be from time to time prescribed by law and the ordinances of the city council." But § 34 was stricken out by Spec. St. 1918, c. 103, § 13, which enumerated the administrative officers as follows: a commissioner of public works, a city treasurer, a city solicitor, a chief of police, a chief of the fire department, a board of health, a city physician, an overseer of the poor, and a board of license commissioners. The amendment further provided, that "The commissioner of public works shall have authority to appoint a city engineer who shall be inspector of buildings, a clerk, and such assistants as he may deem necessary from time to time to carry on the outdoor and other work of the department." By § 37 the board of public works was given "cognizance, direction and control: . . . Of the construction, alteration, repair, care and lighting of streets, ways and sidewalks. . . . Of the construction, alteration, repair and care of public buildings; except" schools. "Of the construction, alteration, repair,

care and maintenance of public bridges" and of the water works and public grounds except as such grounds may be in the control of the school committee.

The city engineer having resigned, Jackson L. Temple, commissioner of public works, made October 10, 1924, requisition on the commissioner of the civil service for the names of eligible persons to fill the vacancy. The petitioner previously had passed the required examination and had been placed on the eligible list and the commissioner of civil service on October 16, 1924, certified to Temple his name, and on the same date notified the petitioner that if he desired to be considered he should call upon Temple within four days from October 16, and within that time he notified Temple that he desired to be considered an applicant. He was thereupon appointed permanent city engineer on October 21, the employment to begin November 1, 1924, and entered upon the discharge of his duties November 4, 1924, notice thereof being given by Temple to the civil service commission as required by statute. But the respondent Doble, who succeeded Temple on February 1, 1925, notified the petitioner on April 23, 1925, that the city did not require the services of a city engineer permanently during the present year, and that the petitioner's services would not be required after April 28, 1925. The respondent also on the same date informed the civil service commission of what had been done and his reasons therefor. See G. L. c. 31, § 43.

The uncontradicted entry of April 28, 1925, on the records of the department of public works, "Mr. Charles E. Wells removed as City Engineer," preceded by the letter to the petitioner by the respondent notifying him of the action taken, may be considered as an order for his removal. *Garvey* v. *Lowell*, 199 Mass. 47.

It is contended by the petitioner that his appointment was not governed by G. L. c. 31 relating to the civil service, and as the mayor and city council had no power of removal he could not be retired by the respondent except for just cause which is not shown, and that he is entitled to reinstatement. The charter however provides in § 53, that "nothing herein contained shall affect the enforcement of

the provisions of chapter three hundred and twenty of the acts of the year eighteen hundred and eighty-four being 'An act to improve the civil service of the Commonwealth and the cities thereof,' and acts in amendment thereof and in addition thereto, or of the rules made by the commissioners appointed thereunder; and the city council shall make sufficient and proper appropriations for the carrying out and enforcement of said acts and such rules in said city." The city engineer is not chosen by the voters, nor is his appointment subject to confirmation by the city council; he is appointed by the commissioner of public works, and serves in that department under the supervision of the commissioner, and the position is not within the positions named in G. L. c. 31, § 5, which are excluded from the rules of the civil service. The appointment therefore must be made under those rules. *Lattime* v. *Hunt*, 196 Mass. 261. *Smith* v. *Mayor of Haverhill*, 187 Mass. 323. *Logan* v. *Mayor & Aldermen of Lawrence*, 201 Mass. 506. *Attorney General* v. *Tillinghast*, 203 Mass. 539, 541. *Gardner* v. *Lowell*, 221 Mass. 150. *Thomas* v. *Municipal Council of Lowell*, 227 Mass. 116. *Ellis* v. *Civil Service Commission*, 229 Mass. 147. *Stiles* v. *Municipal Council of Lowell*, 229 Mass. 208.

The petitioner applied for, received, and accepted the appointment in accordance with the civil service, and was so recognized under the certification, and as such appointee if nothing further appeared he would be entitled to the protection of the provisions of G. L. c. 31, §§ 43–45, relating to removals from office or employment. But the eighteenth rule of the civil service commission provides that "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months." By G. L. c. 31, § 3, this rule has the force of law, and, the probationary period not having expired on April 28, 1925, there was no removal of the petitioner as a person holding permanent office or employment in the classified public service of the Commonwealth or any county, city or town thereof. The petitioner is in no better position than if he had been a holdover whose term of office or of

employment had expired. *Bates v. Selectmen of Westfield,* 222 Mass. 296, 299.

The entry accordingly must be,

*Petition dismissed.*