JOHN J. ALLEN *vs.* CHIEF OF POLICE OF CAMBRIDGE
& another.

Middlesex.     April 4, 1927. — April 16, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Civil Service. Veteran. Words,* "Public service," "Classified public service."

Sections 21–28, inclusive, of G. L. c. 31, relating to preference of veterans under the civil service, do not exempt veterans from the provisions respecting the probationary period of six months contained in Civil Service Rule 18.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on March 17, 1925, and described in the opinion, for a writ of mandamus.

The facts were agreed upon and are stated in the opinion. The case was reserved by *Braley,* J., upon the pleadings and an agreed statement of facts for determination by the full court.     Material facts are stated in the opinion.

The case was submitted on briefs.

*G. A. McLaughlin,* for the petitioner.

*P. J. Nelligan,* for the respondents.

RUGG, C.J.     This is a petition for reinstatement as a reserve officer in the police department of the city of Cambridge.     Agreed facts are that on May 3, 1924, the petitioner was appointed as such reserve officer under the provisions of the civil service rules and regulations; that he performed the duties of such position until July 10, 1924, when he was removed by the respondent McBride without hearing.     The petitioner is a veteran within the meaning of that term as defined in G. L. c. 31, § 21.     By force of G. L. c. 31, § 3 (e) civil service rules may be made including, among other matters, a provision for "A period of probation before an appointment or employment is made permanent."     By rule 18 of the civil service rules and regulations, duly adopted pursuant to this statute, "No person appointed in the official or labor division shall be regarded as holding office or em-

ployment in the classified public service until he has served a probationary period of six months."

It was held in *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, that, during the six months' probationary period, a person appointed under civil service rules might be dismissed without hearing and without other notice than that his services are not further required. To the same effect in substance is *McDonald* v. *Fire Engineers of Clinton*, 242 Mass. 587. These authorities are decisive against the petitioner unless the circumstance that he is a veteran gives him a different standing. We are of opinion that §§ 21–28 inclusive of G. L. c. 31, touching preference of veterans under the civil service, do not exempt veterans from the provisions respecting the probationary period of six months contained in said rule 18. It is manifest that the scope of G. L. c. 31, § 3, respecting rules governing the civil service, is applicable in the main to veterans as well as to others seeking positions in the civil service. Indeed, subsection (f) of said § 3 permits the establishment of rules providing for "Preference to veterans in appointment and promotion, not inconsistent with this chapter." By implication this means that all general rules are applicable to veterans as well as to others unless otherwise specified. The provisions of rule 1, clause 4, of the civil service rules, defining persons in the service of the Commonwealth or the city, as those paid by such employer, do not override, narrow or extend the explicit definition of probationary period and the rights of persons appointed thereunder contained in rule 18 of the civil service rules. G. L. c. 31, § 26 (now repealed by St. 1925, c. 220, § 1), by its words that "No veteran holding office or employment in the public service" shall be removed without hearing does not establish "the public service" as a kind of office or employment different from the "classified public service" as those words are used in said rule 18. The "public service" and the "classified public service" in this context and as applied to this subject matter are not different in signification. There is nothing in *Ayers* v. *Hatch*, 175 Mass. 489, out of harmony with this conclusion.

*Petition dismissed.*