ALBION C. JOHNSON, JR., *vs.* MAYOR OF NEW BEDFORD & another.

Bristol.    February 9, 1939. — June 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Civil Service.*

Under the policy established by G. L. (Ter. Ed.) c. 31, § 3 (e), the conferring of complete civil service status upon employees of a contractor taken on by a city under Civil Service Rule 30 was subject to the probationary period of six months required by Rule 18, and during that period such an employee might lawfully be discharged without a notice in writing.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on October 28, 1938, for a writ of mandamus.

The case was reserved and reported by *Qua, J.,* without decision.

*T. C. Crowther,* for the petitioner.

*A. P. Doyle,* City Solicitor, for the respondents.

QUA, J. On June 1, 1938, the contract for the collection of garbage in New Bedford expired, and the city itself undertook the collection, taking over the employees of the private contractor, of whom the petitioner was one. On June 21 the petitioner was discharged without having been given written notice in accordance with G. L. (Ter. Ed.) c. 31, § 43.

The second paragraph of Civil Service Rule 30 reads, "2. Whenever any class of employees in the Commonwealth or in any city or town not already in the classified service is placed therein, either by statute or by a rule, or whenever the Commonwealth, any city or town takes over any work that has previously been done by a private contractor, the Commissioner shall include in the classified service all of the employees who have been actually doing the work prior to the classification." Rule 18 is as follows: "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months."

The question is whether the petitioner was subject to the probationary period of six months under Rule 18, so that he could be removed during that time without notice and an opportunity for a hearing.

Assuming that the portion of Rule 30 hereinbefore quoted is in general within the scope of the rule making power delegated to the board by G. L. (Ter. Ed.) c. 31, § 3, it might seem at first sight that the effect of that rule was to confer at once upon all the former employees of the private contractor full and complete civil·service status with all the protection of tenure afforded by G. L. (Ter. Ed.) c. 31, § 43, and that Rule 18 applied only to persons "appointed" upon requisition and certification in the usual way. But a comparison of the rules with the statute from which alone they derive their validity leads us to a different conclusion as to persons in the position of the petitioner, who was being newly employed in the service of the public. We are not here dealing with a person already employed whose position is placed in the classified service "either by statute or by a rule" without a new appointment or employment. G. L. (Ter. Ed.) c. 31, § 3, is mandatory that the rules "shall include provisions for the following: . . . (e) A period of probation before an appointment or employment is made permanent." This is a declaration of policy. It applies alike to the appointment of officers and the employment of laborers. No exceptions are mentioned. It is true

that rules made under § 3 may be "of general or limited application," but they "shall be consistent with law," and they "shall include" provisions for a period of probation. Whether or not it would be within the power of the board under peculiar circumstances and for special reasons to relax the probationary requirement, it is not to be supposed that the board would abandon in its rules a clearly declared legislative policy as to entire groups of new employees without strong and convincing reasons. Such reasons are not readily apparent. Presumably the provision of Rule 30 relating to the employees of a private contractor was inserted to permit a governmental unit to assume an existing service without disrupting its operation. A period of probation is not inconsistent with that purpose. Such a period would seem to be at least as much needed where employees previously selected by a contractor are taken over in the mass as where individual selection has been made by competent public authority.

In our opinion when the petitioner began working for the city instead of for the contractor his "employment" began within the meaning of G. L. (Ter. Ed.) c. 31, § 3 (e), and he was "appointed" within the meaning of Rule 18. He did not come under the protection of § 43 until after he had served a probationary period of six months. In *McDonald v. Fire Engineers of Clinton*, 242 Mass. 587, at pages 589, 590, it was held that a call fireman appointed to the permanent force without examination, under St. 1913, c. 487, was subject to the probation rule. See now, however, G. L. (Ter. Ed.) c. 48, § 36. See also *Wells v. Commissioner of Public Works of North Adams*, 253 Mass. 416; *Allen v. Chief of Police of Cambridge*, 259 Mass. 286.

*Petition dismissed.*