ERNA M. MCCARTHY *vs.* CITY OF MALDEN.

Middlesex.   May 3, 1939. — July 7, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Municipal Corporations,* Municipal finance, Officers and agents, Contracts. *Civil Service. Words,* "Fixed by law."

Chapter 44, § 31, of G. L. (Ter. Ed.) limited the authority to fix compensation of certain officers conferred by c. 45 upon boards of park commissioners.

A clerk who has been certified under the civil service law but has not served the probationary period of six months required by Rule 18 of the Civil Service Rules was not within the protection of G. L. (Ter. Ed.) c. 31, § 43.

The provisions of G. L. (Ter. Ed.) c. 44, § 33A, requiring inclusion in a city budget of "sums sufficient to pay the salaries of officials fixed by law or by ordinance" did not require inclusion of the amount of a salary voted by the board of park commissioners for a clerk who, though certified under the civil service law, had not served for the probationary period required by Civil Service Rule 18, such salary not being "fixed by law."

CONTRACT. Writ in the First District Court of Eastern Middlesex dated August 5, 1937.

Upon a report by *Brooks*, J., who found for the defendant, the Appellate Division for the Northern District ordered the finding vacated and judgment entered for the plaintiff. The defendant appealed.

*B. Kaplan*, for the defendant.

*J. J. Twitchell*, for the plaintiff.

Cox, J. The plaintiff has been elected annually since 1921 by the defendant's board of park commissioners as its clerk, and has held that position continuously since first elected. In September, 1928, her salary was fixed by the board at $500 "retroactive," and she was paid her salary regularly at the rate of $500 per year except for 1931 and 1932. There was no evidence of any vote of the board as to the plaintiff's salary subsequent to September 25, 1928, and prior to January 30, 1933. In the budget submitted for the years 1931 and 1932, the defendant's mayor, for the first time, specifically segregated various items, including that for the plaintiff's salary. The budget for 1931 as passed and approved in May of that year included, among other items for the park department, a specific appropriation of $300 for the clerk, and the budget for 1932 as passed and approved in June of that year included a like appropriation of $200. These were the only appropriations for the plaintiff's salary in those years and she received nothing more. The budget items for labor in the park department for those years represented manual labor of employees working in the parks. On May 3, 1932, the plaintiff was certified for clerk of the board under the civil service, and was appointed on that date. At no time during 1931 or 1932, or since, has the plaintiff been given any written notice by the board that her salary had been reduced; she has not been suspended or removed from her position as clerk and that position has not been abolished. She made due demand in December of 1931 and 1932 for the alleged balances of her salary and was refused, and in this action she seeks to recover in one count for $200, the alleged balance for 1931, and in another count for $300, the alleged balance for 1932.

The defendant accepted the provisions of St. 1882, c. 154,

(see now G. L. [Ter. Ed.] c. 45,) on December 3, 1889. Its charter contains provisions identical with those found in §§ 31 and 34 of G. L. (Ter. Ed.) c. 44.

The trial judge in the District Court found for the defendant. The Appellate Division found that there was prejudicial error in the denial of the plaintiff's requests for rulings, that she was entitled to recover the amounts claimed in each count of her declaration, and ordered the finding for the defendant to be vacated, and judgment to be entered for the plaintiff on the declaration. The defendant appealed from this decision.

G. L. (Ter. Ed.) c. 45, § 5, provides that boards of park commissioners "may . . . appoint all necessary engineers, surveyors, clerks and other officers . . . define their powers and duties and fix their compensation . . . ." St. 1882, c. 154, § 3, contained the same provisions. G. L. (Ter. Ed.) c. 44, § 31, provides: "No department of any city or town, except Boston, shall incur liability in excess of the appropriation made for the use of such department . . . " with an exception not here material. One purpose of this statute was to set rigid barriers against expenditures in excess of appropriations. *Flood* v. *Hodges*, 231 Mass. 252, 256. *Parkhurst* v. *Revere*, 263 Mass. 364, 370. *Burt* v. *Municipal Council of Taunton*, 275 Mass. 535, 540. It takes precedence over the general provisions of law such as are found in G. L. (Ter. Ed.) c. 45, § 5, which is in one respect nothing more than the simple permission to one board of public officers to fix salaries. See *Decatur* v. *Auditor of Peabody*, 251 Mass. 82, 89, decided in January, 1925, where it was said, in effect, that general provisions such as, for example, are found in G. L. c. 111, § 27, are subject to appropriations made under the provisions of the budget law (G. L. [Ter. Ed.] c. 44, § 31). G. L. c. 111, § 27, (see now G. L. [Ter. Ed.] c. 111, § 27,) empowered boards of health to fix the salaries of the city or town physician, its clerk, and other agents and assistants, and is similar, in respect to the powers so conferred, to G. L. (Ter. Ed.) c. 45, § 5. The effect of said § 31 of c. 44 is not to destroy the authority of such boards to contract on behalf of the municipality, but

rather to place a limitation on that authority with the result that a contract made by such officers in violation of its provisions is not binding upon the city. *McHenry* v. *Lawrence*, 295 Mass. 119, 121, 122. *Peters* v. *Medford*, 295 Mass. 588, 592. Compare *Continental Construction Co.* v. *Lawrence*, 297 Mass. 513, 516. Unless the plaintiff is aided by some other provisions of law, she cannot recover anything in excess of the amounts appropriated for her salary in the respective years, notwithstanding the board's general authority to contract with her on behalf of the city.

The plaintiff contends that under § 43 of G. L. (Ter. Ed.) c. 31, the civil service statute, her compensation could not be lowered except for just cause and for reasons specifically given her in writing. As already appears, she was certified for the position of clerk under the civil service and was so appointed on May 3, 1932. The budget for 1932 was passed and approved in June of that year. But the difficulty with the plaintiff's contention is that she was not within the protection of this section when the 1932 budget was passed. Rule 18 of the civil service rules (see G. L. [Ter. Ed.] c. 31, § 3 [e]) provides that no person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months. This rule has the force of law. *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, 419. *Fernandez* v. *Mayor of New Bedford*, 269 Mass. 445, 447. During her probationary period the plaintiff was not entitled to the benefits of G. L. (Ter. Ed.) c. 31, § 43. *McDonald* v. *Fire Engineers of Clinton*, 242 Mass. 587, 589. *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416, 419. *Allen* v. *Chief of Police of Cambridge*, 259 Mass. 286, 287.

The plaintiff contends further that it was the duty of the mayor under G. L. (Ter. Ed.) c. 44, § 33A, to include in the budget for each year an amount sufficient to pay her salary as voted in 1928. Said § 33A provides, in part, that "The budget shall include sums sufficient to pay the salaries of officials fixed by law or by ordinance . . . ." There is nothing in the record to show that the plaintiff's salary was

fixed by ordinance and assuming, without deciding, that she was an officer within the meaning of said § 33A (compare *Commissioner of Internal Revenue* v. *Sherman,* 69 Fed. [2d] 755), nevertheless we are of the opinion that it was not fixed by law. G. L. (Ter. Ed.) c. 45, § 5, which deals with the powers of boards of park commissioners, as already pointed out, authorizes them to appoint ". . . clerks and other officers . . . and fix their compensation . . . ." Obviously the statute does not name the amount of salary to be paid, nor does it in any way settle or determine the compensation of such persons. At most, it would seem to delegate to the board the power to fix the compensation. Compare *Whalen* v. *First District Court of Eastern Middlesex,* 295 Mass. 305, 309, and cases cited. The vote of September, 1928, fixing the plaintiff's salary can hardly be said to be a law. See *Opinion of the Justices,* 262 Mass. 603, 605. In the case of *Flood* v. *Hodges,* 231 Mass. 252, decided in 1918, Chief Justice Rugg, in discussing the provisions of St. 1913, c. 719, commonly called the muni-. nicipal indebtedness act (the predecessor of G. L. [Ter. Ed.] c. 44) said, at page 256: "The manifest purpose of the framers of the act was to set rigid barriers against expenditures in excess of the appropriations, to prevent the borrowing of money for current expenses, to confine the making of long time loans strictly to raising money for permanent improvements, and in general to put cities upon a sound financial basis so far as these ends can be achieved by legislation. The budget system was one of the means adopted." In *Continental Construction Co.* v. *Lawrence,* 297 Mass. 513, it was said, at page 515: "The prohibitions of such an act [G. L. (Ter. Ed.) c. 44] must not be weakened, nor the exceptions enlarged, by constructions which might tend to break down the safeguards designed to be set up or to admit of the evils intended to be prevented." Said § 33A of c. 44 was enacted in 1922. We are of the opinion that the words of that section "fixed by law" were not intended to cover a situation such as in the case at bar. *State* v. *Edwards,* 33 Utah, 243, 248, 249. Until the plaintiff was certified and appointed

under the civil service and had served her probationary period, her status as clerk was subject to the will of the board of park commissioners. In effect, her employment amounted to a "contract of a sort," *McHenry* v. *Lawrence*, 295 Mass. 119, 120. The amount that the plaintiff was to receive for her services depended upon the will of the board and her willingness to accept the sum fixed by it subject to available appropriations. It follows that the mayor was not required to include in the budget sums sufficient to pay the salary of the plaintiff as fixed by the board.

At a meeting of the board on January 30, 1933, in connection with a request for an appropriation in the budget, it was voted that the clerk's salary be $500, and the following notation appears in the records: "Back salaries $2515.20." There was evidence that this figure included $500 on account of "back salary to the plaintiff." We do not think that the plaintiff is aided by this. There is nothing in the record to show what appropriation was made in 1933, and any appropriation to pay expenses incurred during the preceding year would be unauthorized. *Remington Typewriter Co.* v. *Revere*, 285 Mass. 1, 4. Moreover, there was nothing to show that at any time there were funds available from which the plaintiff's claim properly could be paid. See *Smith* v. *Lowell*, 190 Mass. 332; *Parkhurst* v. *Revere*, 263 Mass. 364, 370; *Burt* v. *Municipal Council of Taunton*, 275 Mass. 535, 540.

*Order of Appellate Division reversed.*
*Report dismissed.*