JOHN F. McLAUGHLIN *vs.* COMMISSIONER OF PUBLIC WORKS.

Middlesex.    May 1, 1939. — September 11, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Civil Service. Words,* "Appointed."

The six months' period of probation under Civil Service Rule 18, paragraph 1, did not begin, after a "provisional-permanent" appointment to a position in the classified civil service, followed by a noncompetitive examination, certification and a permanent appointment, until the later appointment, and the appointee could be discharged without compliance with the requirements of G. L. (Ter. Ed.) c. 31, § 43, at a time less than six months after that appointment though more than six months after his first appointment.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Middlesex on January 31, 1938.

The case was reported by *Qua*, J., without decision.

*G. A. McLaughlin*, (*C. S. McLaughlin* with him,) for the petitioner.

*R. H. Favreau*, Assistant Attorney General, (*J. J. Kelleher*, Assistant Attorney General, with him,) for the respondent.

QUA, J.   The petitioner seeks reinstatement to his former position as "Right of Way Negotiator" in the department of public works.

On December 2, 1936, the petitioner was appointed by the respondent with the authority of the commissioner of civil service as "provisional-permanent Right of Way Negotiator," services to begin as of November 30, 1936.  He performed the duties of this position until January 7, 1937. In the meantime, in pursuance of a request of the respondent to the commissioner of civil service, the petitioner was given "a regular non-competitive examination" for the position of right of way negotiator, and having passed that examination he was certified to the respondent for appointment to that position, and on January 7, 1937, the respondent selected him "for permanent non-competitive appointment to the position of Right of Way Negotiator in the Department of Public Works," employment to begin January 7, 1937.  The petitioner accepted the appointment and continued to perform the same duties until June 18, 1937, on which day he was discharged by the respondent without being given the reasons in writing required by G. L. (Ter. Ed.) c. 31, § 43.  If the petitioner was entitled to the protection of that statute his discharge was unlawful.  *Thomas* v. *Municipal Council of Lowell*, 227 Mass. 116, 119.  *Reagan* v. *Mayor of Fall River*, 260 Mass. 529, 531.  *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 115.

It is provided by G. L. (Ter. Ed.) c. 31, § 3, that the "board" (composed of the commissioner and associate commissioners of civil service) shall make rules including a

provision for a period of probation before an appointment is made permanent.  Accordingly Rule 18, in its first paragraph, reads as follows: "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months."  This is a valid rule under the statute, and during the period of probation established by it the appointee may be discharged without the notice and opportunity for a hearing otherwise required by § 43.  *McDonald* v. *Fire Engineers of Clinton,* 242 Mass. 587, 589.  *Wells* v. *Commissioner of Public Works of North Adams,* 253 Mass. 416, 419.  *Allen* v. *Chief of Police of Cambridge,* 259 Mass. 286, 287.  *Johnson* v. *Mayor of New Bedford,* 303 Mass. 381, 383.

The principal question in this case is, When did the period of probation begin?  If it began when the petitioner received his "provisional-permanent" appointment on December 2, 1936, then it had expired before his discharge on June 18, 1937, and he was entitled to notice.  But if the period of probation did not begin until January 7, 1937, when the petitioner received his "permanent" appointment after certification, then it had not expired on June 18, 1937, and the petitioner was not entitled to notice.

We need not discuss the precise significance of "provisional permanent" in the language of the board as distinguished from "provisional temporary."  See Rule 21.  It is plain that until January 7 the petitioner had only a provisional or conditional appointment and that such appointments derive their validity wholly from G. L. (Ter. Ed.) c. 31, § 15.  Under that section appointments are commonly to be made as permanent appointments upon certification from an eligible list.  Provisional appointments or appointments through noncompetitive examinations are permitted only in what are supposed to be exceptional instances where there is no suitable list, or if the commissioner is unable to comply with a requisition in accordance with the rules of the board.  All provisional appointments to permanent positions must be terminated upon the establishment of an eligible list and may be terminated prior thereto,

Rule 21, paragraph 3. Noncompetitive appointments are dependent upon the candidate passing the examination. In our opinion persons holding by a temporary tenure so precarious as this, with no assurance whatever that they will not be displaced at any moment through the appointment of some other person, cannot fairly be deemed to be serving "a probationary period of six months" within the meaning of Rule 18. We think that the word "appointed" as used in that rule refers to appointments which, except for the period of probation, have become final and complete. We agree with this language of the Court of Appeals of New York, used in deciding a somewhat different question, "Temporary or provisional appointees, though in a sense holding positions in the competitive class, are, for reasons of necessity, exempt from the civil service requirements for appointment; and similarly, so long as they hold such positions, they are entitled to none of the advantages secured by period of tenure under the civil service rules. . . . Permanent appointments are made without reference to whether the appointee is holding a temporary or provisional appointment to the same position, or how long such appointment has lasted. These appointments are mere stop-gaps, exceptions of necessity to the general rules with respect to the filling of such positions, and are in no sense probationary. While such appointments may on occasion be succeeded by a permanent appointment, this may only be by virtue of examination and eligibility under the civil service laws, and not by reason of any ripening of the temporary or provisional appointment into a permanent appointment." *Koso* v. *Greene,* 260 N. Y. 491, 494–495. The petitioner did not pass his examination and did not receive a permanent appointment until within six months of his discharge, and that discharge was lawful.

The respondent in his argument suggested, apparently for the first time, that the court is without jurisdiction of the case, because, as he asserts, the requirement of G. L. (Ter. Ed.) c. 31, § 46A, that the petition be filed within six months next following the allegedly illegal removal is not a mere statute of limitations but is jurisdictional and has not

been fulfilled. See, however, *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 115, 121. As the result of the case and the rescript to be sent down would be exactly the same in any event, we have thought it better, under the circumstances to state our views on the merits of the case without deciding the question of jurisdiction.

*Petition dismissed.*