.JOSEPH CLEMENT vs. SELECTMEN OF WESTWOOD.

Norfolk.    May 4, 1944. — June 6, 1944.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.  ·

Civil Service.    Police.    Municipal Corporations, Officers and agents:
War.    Notice.

Even if one appointed a military substitute patrolman under St. 1941,
c. 708, § 2, was entitled to the protection of the civil service law, he
might under Civil Service Rule 18 be removed from office without a
hearing within the probationary period of six months following his
appointment.
A notice of removal from office of a military substitute patrolman was
not ineffective in that he was referred to therein as a "temporary
patrolman."

PETITION for a writ of mandamus, filed in the Superior
Court on January 28, 1944.

The case was heard by Hammond, J.

J. J. Curran, for the petitioner.

J. C. Birmingham, (H. J. Mitchell with him,) for the
respondents.

SPALDING, J.    The petitioner seeks a writ of mandamus
ordering the respondents to recognize him as a military
substitute patrolman of the town of Westwood, from which
position he contends he was improperly removed.    A de-
murrer to the petition was sustained.    The case comes here
both on appeal and on exceptions.    The appeal is properly
here, G. L. (Ter. Ed.) c. 231, § 96; Morrill v. Crawford, 278
Mass. 250: Peck v. Wakefield Item Co. 280 Mass. 451, and
since nothing could be open on exceptions that is not open
on appeal we deal with the appeal and dismiss the excep-
tions.    Sherman v. Werby, 280 Mass. 157, 161.    Royal Paper
Box Co. v. Munro & Church Co. 284 Mass. 446, 449.

The petitioner alleges that on February 28, 1943, the
respondents appointed him a military substitute by virtue
of St. 1941, c. 708, to take the place of a patrolman who had
entered the armed services of the United States; that on
July 30, 1943, slightly more than five months later, he re-

ceived the following notice of his discharge in a letter addressed to him and signed by the respondents: "This is to notify you that your services as Temporary Patrolman for the Town of Westwood will terminate on the 30th day of July, 1943 at midnight because of your incompetency as an automobile operator." It is alleged and admitted in the pleadings that the petitioner was never given a hearing, although on July 31, 1943, he wrote to the respondents requesting one. See G. L. (Ter. Ed.) c. 31, § 42A. It is also admitted that in March of 1937 the town of Westwood duly accepted St. 1937, c. 30, which made the members of its regular or permanent police force subject to the civil service laws and rules and regulations made pursuant thereto.

The question presented for decision is whether the petitioner was properly removed from office.

By St. 1941, c. 708, the Legislature passed an act to protect the rights of persons employed in the service of the Commonwealth or any political subdivision thereof who had entered the armed services of the United States and to facilitate the temporary appointment of persons to perform their duties during their absence. Section 2 of this act provides for the appointment of military substitutes to take the place of those "holding an office or position classified under chapter thirty-one of the General Laws." It further provides that "All appointments, transfers and promotions made on account of such leaves of absence shall be temporary only and the person so appointed, transferred or promoted shall be known as a military substitute."

We are of opinion that the petitioner's removal from office was not improper. To what extent, if at all, a military substitute appointed under the provisions of St. 1941, c. 708, § 2, is entitled to the protection of the civil service law it is not necessary to decide because it does not affect the result in this case. If the provisions of G. L. (Ter. Ed.) c. 31 (the civil service law) do not apply the petitioner cannot complain of the manner in which he was removed for he was not entitled to a hearing. If he is entitled to the protection of the civil service law he stands in no better position in the circumstances here existing. The petitioner at the time of

his removal had been employed less than six months. Rule 18 of the civil service rules provides that "No person appointed in the official or labor division shall be regarded as holding office or employment in the classified public service until he has served a probationary period of six months." This rule has been passed on by this court in several cases. *Wells* v. *Commissioner of Public Works of North Adams*, 253 Mass. 416. *Allen* v. *Chief of Police of Cambridge*, 259 Mass. 286. *Johnson* v. *Mayor of New Bedford*, 303 Mass. 381. *McLaughlin* v. *Commissioner of Public Works*, 304 Mass. 27. In the *McLaughlin* case it was said at page 29: "This is a valid rule under the statute, and during the period of probation established by it the appointee may be discharged without the notice and opportunity for a hearing otherwise required by § 43." [1] To the same effect is *Crimmins* v. *Highway Commission of Brockton*, 304 Mass. 161, 163, and cases there collected. Such hearing as the petitioner would be entitled to, if he were entitled to any, is prescribed by § 42A rather than § 43 of G. L. (Ter. Ed.) c. 31, but this in no way affects the rule discussed above to the effect that persons employed during the six months' probationary period are not entitled to the notice and hearing prescribed by the statute. Under neither section is the office holder or employee entitled to a hearing if removed prior to the expiration of the probationary period.

One other point may be briefly mentioned. The petitioner contends that since he was a military substitute he was not removed by a notice which referred to him as a "Temporary Patrolman." There is no merit in this contention. The petitioner was a patrolman and under St. 1941, c. 708, § 2, was serving under a temporary appointment. That he was not referred to as a military substitute could not have misled or prejudiced him in any way.

*Exceptions dismissed.*
*Order sustaining demurrer affirmed.*
*Petition dismissed.*

---

[1] This refers to G. L. (Ter. Ed.) c. 31, § 43.