Hayes, J.
This is an action of contract to recover wages or salary as a sergeant in the Cambridge Police Department. The facts as found by the justice of the court before which the case was tried are as follows:
The plaintiff had taken the Civil Service examinations, and had passed them, his percentage being 89.03. On July *120 19, the Chief of Police of the City made a requisition on the Civil Service Commissioner stating that he had the power of appointment of ten sergeants, and making requisition for that number. In accordance with their regulations, on the same day the Civil Service Commission sent to the plaintiff, and to other officers who had taken the examination, a notice that the requisition had been received and requiring them, if they wished to be considered for the position, to return a statement that they still desired to be considered for the position. Within one week from the date of the notice the plaintiff signed the blank submitted, stating that he did wish to be considered for the position, and his name was placed on the requisition with the notation that he was willing to accept. The Division of Civil Service then sent to the chief of the Cambridge Police a list of fourteen men who were eligible for appointment in the order of their standing, and the plaintiff’s name was the first on this list. The Chief of Police thereafter filled out blanks furnished by the Civil Service Commission, entitled Notification of Employment, for each of the men whom he intended to appoint. This was done on July 31, 1939. The plaintiff was notified to come to the Chief’s office, and was there told by the Chief that he was going to appoint him a sergeant, and in accordance with the regulations of the Civil Service Commission the plaintiff signed the blank stating that he accepted the appointment. The appointment was to begin on August 1, 1939.
After seeing the plaintiff the Chief consulted the Mayor of the City with regard to the list of men whom he was going to appoint. The Mayor objected to the appointment of the plaintiff, assigning as a reason that at the previous election the plaintiff had been unduly active in behalf of a political opponent of the Mayor. The Chief thereafter substituted another name for that of the plaintiff, and *121 never sent the notification of employment which the plaintiff had signed to the Civil Service Commission. It has since been lost or destroyed.
The plaintiff appeared ready for work in his new position, but was told that there was no work for him, and was told that he had not been appointed. The Chief in due course issued General Orders to the police force stating the appointments and assigning the appointees to various duties, but no order was made with regard to the plaintiff, and he has never performed any of the duties of police sergeant, although he has always been ready to do so. At this time the power to appoint was exclusively in the Chief, and the Mayor had no authority with regard to the appointment or control of it.
The second paragraph of Rule 17 of the Civil Service Rules reads as follows:
“2. No person shall be regarded as appointed within the requirement of these rules unless he accepts the position and is actually employed within thirty days from date of receipt of notice of appointment.”
The Court found that the plaintiff was ready, willing and able to perform the duties of the office but that he at no time had performed any of those duties.
Upon these facts the Court found that the plaintiff was not appointed a sergeant of police in the City of Cambridge. The Court further ruled that until the appointment was completed by forwarding it to the Civil Service Commission and assigning the plaintiff to work within thirty days the Chief could change his intention and the plaintiff was not a sergeant of police in the City of Cambridge.
The plaintiff filed certain requests for rulings:
“1. The Chief of Police of the Cambridge Police Department was the appointing authority and no approval by the Mayor was required. 2, The plaintiff *122 was certified by Civil Service to the appointing authority and therefore eligible to be appointed as Sergeant in the Cambridge Police Department, provided he agreed to accept the appointment as Sergeant. 3. The plaintiff by signing the certification notice from the Director of Civil Service to the effect that ‘he would accept the position of Sergeant in the Cambridge Police Department’ did agree to accept the position of Sergeant. 4. If the Court finds that the plaintiff signed the notification of employment presented to him by the Chief then the plaintiff was actually appointed as Sergeant in the Cambridge Police Department by the Chief. 5. If the Court finds that the plaintiff signed the notification of employment presented to him by the Chief, and further was told at that time that ‘he was now a Sergeant or words to that effect’ then the plaintiff was actually appointed a Sergeant in the Cambridge Police Department by the Chief. 6. The failure of the Chief to send the signed notification of employment to the Director of Civil Service of the plaintiff’s appointment as Sergeant did not bind the plaintiff and thereby invalidate the appointment as Sergeant, as a binding contract of employment had been entered into when the plaintiff signed the appointment papers. 7. The fact that the Chief destroyed the notification of employment after they were signed by the plaintiff did not invalidate such appointment. 8. It was not necessary to complete the plaintiff’s appointment as Sergeant in the Cambridge Police Department for the Chief to send the signed notification of employment to the Director of Civil Service. 9. The fact that the plaintiff did not work within thirty days of his appointment did not invalidate such appointment, as he did report for work as a Sergeant and the Chief would not put him to work. 10. The plaintiff is excused from complying with that portion of rule 17 of the Civil Service Rules which reads: ‘No person shall be regarded as appointed within the requirement of these rules unless he accepts the position and is actually employed within thirty days from date of receipt of notice of appointment. ’ as he was ready, able and willing at all times to work as a Sergeant and did in fact report for work as a Sergeant.
*123 The plaintiff is entitled to recover the difference in pay between what he did receive as a Patrolman and what he would have received had he been put to work as a Sergeant. ’ ’
The Court granted requests Nos. 1, 2, and 3, and denied all others. The Court denied request 5 “Because I do not so find,” yet the Court did find everything as stated in request 5 excepting that “the plaintiff was actually appointed a Sergeant in the Cambridge Police Department by the Chief.”
Three questions are presented by the pleadings, by the report and by the briefs of the parties to the proceedings. Both parties agree that the facts are as found by the presiding justice before whom the case was tried and on these facts the legal questions for determination are:
1. Was the plaintiff appointed a Sergeant of the Cambridge Police Department. 2. If appointed, was he removed from office. 3. If appointed, and not removed from office, can he recover as compensation the difference between his salary as a patrolman and salary that would have been paid him if he had performed the duties of Sergeant of the Police Department of the City of Cambridge.
It is agreed that the compensation between a patrolman’s salary and salary as sergeant of police is the amount set forth in the plaintiff’s declaration.
We find and rule that the plaintiff was appointed sergeant of police of the City of Cambridge. He did all that was required of him to be done to obtain the appointment to the office. He had taken the Civil Service examination, was found qualified, was notified that he could apply for the position, he did apply, and was accepted, and he signed acceptance to the position. He could go no further. The forwarding of his acceptance to the Civil Service Commissioner was a ministerial duty of the Chief of Police. The Chief *124 of Police, the sole appointing power, had appointed him as a sergeant of the police, had received the acceptance from the plaintiff, and the plaintiff was notified by the Chief of Police that he had been appointed to that position. It was the duty of the Chief of Police to then forward the acceptance to the Civil Service Department.
In Munds v. Superintendent of Streets of New Bedford, Mass., 264 Mass. 242, the Court there said that “Registration is an essential preliminary requisite for Civil Service employment.” In that case the Superintendent of Streets, although requested by the Civil Service Commissioner to have the plaintiff in that case register with the Civil Service Commission Clerk in New Bedford, whereupon his name would be entered on the roll of the employees of the Street Department, the Superintendent appointed the plaintiff but did not request him to register. The plaintiff in that case was never notified that he should have registered and never did register. The Court further said that the plaintiff in that case did everything he was supposed to do to receive a valid appointment. The Court further said that the purpose of the Civil Service law is to protect employees in the labor service of cities . . . and should not be defeated by setting up an innocent omission of the employees brought about by the authority which is seeking his discharge.
In French v. Lawrence, 190 Mass. 230, the plaintiff in that case had been appointed and confirmed a police officer of the City of Lawrence in 1897 and he performed the duties of police officer until 1904 when he was unjustifiably prevented from performing the duties of.his office. In that case he brought an action to recover wages dating from the time that he was prevented from performing the duties of his office up to and including the day of bringing his writ. The Court held that if the plaintiff in that case had served as *125 police officer after having been lawfully appointed and qualified, and was at all times ready to discharge the duties of his office to which he had been appointed but was prevented so doing by the defendant or its agent, these allegations, when proved, were sufficient to support the action. For a readiness to perform services where the plaintiff was duly appointed, and which he was unjustly prevented from performing, gave him a cause of action.
In these cases it appears that where the plaintiff has done all that he is required to do, and because of some unjustifiable act on the part of the defendant or its agents, the plaintiff is prevented from doing the work required in the position to which he has been appointed, such conduct on the part of the defendant does not prevent recovery by the plaintiff.
The Court should have found that the plaintiff was properly and legally appointed sergeant; that the wrongful act of the Chief of Police in not sending the acceptance of the position signed by the plaintiff to the Civil Service Commission did not prevent the plaintiff from being appointed Sergeant of the Police Department of the City of Cambridge. The Court should have granted requests 5, 6, 7 and 8.
As to the second question raised by the pleadings: On facts found by the presiding justice and considering the conduct of the Chief of Police, we say that the Chief of Police did not at any time state to the plaintiff that he, the plaintiff, was removed from his office. He did say .to the defendant that he had not been appointed; he never gave him employment, or asked him to perform the duties of the office to which he had been appointed. The plaintiff was always ready to perform the duties of said office, was duly qualified to perform them, but the wrongful act, as found by the Court, of the Chief of Police prevented the *126 plaintiff from performing these services. Although the rule 17 of the Civil Service Rules reads “No person shall be regarded as appointed within the requirements of these rules unless he accepts the position and is actually employed within thirty days from date or receipt of notice of appointment,” a failure or refusal on the part of the Chief to provide him with work is not á discharge from his position. As he was ready, able and willing, at all times to work as a sergeant, and did in fact report for work as a sergeant, the failure to furnish him with work is not a discharge, and we find that he was [not] discharged as a- sergeant.
Having ruled that he was appointed sergeant of police of the City of Cambridge, was not removed from office, the question then arises can he recover on his declaration.
The rule relative to the commencement of employment within thirty days, and a probationary period of six months from the date of such commencement, was enacted for the purpose of making the appointment or employment permanent. At any time during that probationary period a person appointed could be discharged by the appointing power without any notice given that a discharge was to be made or assigning any reason for the discharge. The appointing officer, without giving any notice or reason for discharge, could discharge the employee or the appointee at any time before the expiration of six months from the date of employment.
There are various cases to this effect; see: McDonald v. Fire Engineer of Clinton, 242 Mass. 587. Allen v. Cambridge, 259 Mass. 287. Wells v. Commissioner of Public Works, 253 Mass. 416. Johnson v. Mayor of New Bedford, 303 Mass. 381.
In the latter case the Court says: “A period of probation before an appointment or employment is made permanent is a declaration of policy. It applies alike to ap *127 pointment of officers, and the employment of laborers.” In the case at bar it would appear that the plaintiff was subject to that probationary rule, namely; that he should have been given an opportunity to serve a six months’ probationary period before he could be considered a permanent Civil Service employee or appointee. The appointing power could have discharged him, without giving any reason therefor, at any time during that period. This was not done.
In McCarthy v. City of Malden, 303 Mass. 563 where a clerk had been certified under the Civil Service Rules but had not served the probationary period of six months required by Rule 17 of the Civil Service Rules, the Court found she was not within the protection of General Laws, (Ter. Ed.) Chapter 31, Section 43. In this case the clerk had been appointed to the position under Civil Service regulations, but no work had been given her within the thirty days. She continued in her employment as clerk doing the work she had formerly been doing prior to her appointment as clerk under Civil Service regulations. She did not, however, receive any instructions to, nor did she, perform duties under her new appointment; she did not serve a six months’ probationary period. Her appointment was on May 3,1932. Action was begun by writ dated August 5, 1937. It would appear from this case that having received the appointment, she should have been given work in the new position under the Civil Service within the thirty days and should have been given an opportunity to serve her probationary period during the six months following her appointment, but the Court said that not having served such probationary period her status was subject to any action the Board of Park Commissioners, the appointing power, might determine. The Court found and ruled she could not recover as a Civil Service employee. It *128 would appear that the law as determined in this case governs the instant case, that assuming the plaintiff had been appointed as sergeant and had not been removed from of- ; fice, however as he did no work in that office, or in his official capacity in the position to which he had been appointed, he could recover no compensation therefor.
The Court having found for the defendant on the main question in this case, namely; on the question of recovery of compensation as sergeant, no error of law appears on that aspect of the case; therefore entry is made. Report Dismissed.