JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Castrataro, Cuyahoga County Court of Common Pleas case No. CR-405449, applicant, Linda Castrataro, pleaded guilty to and was convicted of an amended charge of attempt to carry a concealed weapon. This court affirmed that judgment in State v. Castrataro,
Cuyahoga App. No. 81268, 2002-Ohio-6333. The Supreme Court of Ohio dismissed Castrataro's appeal to that court for the reason that no substantial constitutional question existed and denied leave to appeal.State v. Castrataro, 98 Ohio St.3d 1492, 2003-Ohio-1189.
 {¶ 2} Castrataro has filed with the clerk of this court an application for reopening. She asserts that she was denied the effective assistance of appellate counsel because her plea was not entered voluntarily and knowingly. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Castrataro's request for reopening is barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 4} This court has previously held that res judicata bars reopening when new counsel represents an applicant in an appeal to the Supreme Court of Ohio. State v. McClain, Cuyahoga App. No. 77740, 2002-Ohio-2349, citing State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, reopening disallowed (Aug. 14, 2000), Motion No. 16752, at 3-4. As noted above, the Supreme Court denied Castrataro leave to appeal and dismissed her appeal. Because the Supreme Court of Ohio dismissed applicant's appeal, res judicata bars further review of the claim of ineffective assistance of counsel. Kaszas, supra, at 4.
 {¶ 5} We also note that, in her reply to the state's brief in opposition to the application for reopening, Castrataro acknowledges that her counsel raised the issue of ineffective assistance of appellate counsel in the memorandum in support of jurisdiction filed in the Supreme Court of Ohio. Compare State v. Frazier (Aug. 10, 2000), Cuyahoga App. No. 76775, reopening disallowed (June 14, 2001), Motion No. 24946, at 3-4, discretionary appeal dismissed (2001), 93 Ohio St.3d 1446,756 N.E.2d 111; State v. Rios (July 18, 1991), Cuyahoga App. No. 58934, reopening disallowed (Sept. 18, 1995), Motion No. 66129, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of applicant's claim of ineffective assistance of appellate counsel.
 {¶ 6} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet her burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 {¶ 7} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. In the case at bar, applicant cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits.
 {¶ 8} In her first assignment of error, Castrataro argues that her appellate counsel did not challenge her plea on direct appeal as not having been entered knowingly and voluntarily. She contends that it was plain error for the court of common pleas to refuse to accept her plea of no contest. Additionally, she avers in her supporting affidavit that her trial counsel advised her that she would be able to appeal her conviction.
 {¶ 9} "Although not an issue originally, Castrataro claims in her reply brief that she attempted to plead no contest but the judge denied the plea in an off-the-record conversation. The transcript does reveal her desire to plead no contest to the amended charge, the prosecutor's request for an off-the-record discussion, and her eventual guilty plea. There is no indication of the substance of any off-the-record conversation and, therefore, she has failed to preserve error on the issue. While a judge's unexplained refusal to accept a no contest plea can vitiate the knowing and voluntary nature of a subsequent guilty plea, Castrataro has not pointed to any evidence in the record supporting this claim. Therefore, we do not recognize plain error on this unassigned issue because there is no evidence showing that she was unfairly coerced into abandoning the no contest plea in favor of the guilty plea. The assignments of error are overruled." State v. Castrataro, Cuyahoga App. No. 81268, 2002-Ohio-6333, at ¶ 16 (footnotes deleted).
 {¶ 10} On direct appeal, this court rejected the substance of Castrataro's first assignment of error in her application for reopening. This court also noted that the purported error was not preserved in the record. We cannot, therefore, conclude that Castrataro's counsel was deficient or that she was prejudiced by the absence of this assignment of error from her direct appeal. Compare State v. Robertson (May 15, 1997), Cuyahoga App. No. 71461, reopening disallowed (Apr. 9, 1998), Motion No. 84199, at 9-10.
 {¶ 11} In her second assignment of error, Castrataro argues that her appellate counsel was ineffective for failing to assign as error that the statute prohibiting carrying a concealed weapon (R.C. 2923.12) is unconstitutional. In support, Castrataro cites Klein v. Leis,146 Ohio App.3d 526, 2002-Ohio-1634, 767 N.E.2d 286. The Supreme Court has upheld, however, the constitutionality of R.C. 2923.12 in an appeal from the same case in Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633. As a consequence, Castrataro's second assignment of error is not well taken.
 {¶ 12} In her third assignment of error, Castrataro contends that the charge of which she was convicted — attempt to carry a concealed weapon — is a "fictional charge." Castrataro cites no authority for her assertion that the attempt to carry a concealed weapon is "fictional." Other cases, moreover, have affirmed a conviction of this charge. See, e.g., State v. Cox (Apr. 10, 1997), Cuyahoga App. No. 70259. As a consequence, Castrataro has failed to demonstrate either that counsel was deficient or any prejudice, and her third assignment of error is not well taken.
 {¶ 13} In her fourth assignment of error, Castrataro complains that her appellate counsel did not file a brief that conformed to the Rules of Appellate Procedure. See State v. Castrataro, Cuyahoga App. No. 81268, 2002-Ohio-6333, at ¶ 9, n3. Nevertheless, this court did consider the merits of the errors assigned by appellate counsel. Castrataro has, therefore, failed to demonstrate prejudice and her fourth assignment of error is not well-taken.
 {¶ 14} As a consequence, Castrataro has not met the standard for reopening. Accordingly, the application for reopening is denied.
Michael J. Corrigan, P.J., and Diane Karpinski, J., concur.