JOURNAL ENTRY and OPINION
On October 31, 2000, the applicant, Ricardo Gray, through counsel, applied to reopen the judgment of this court in State v. Ricardo Gray (July 27, 2000), Cuyahoga App. No. 76170, unreported, which affirmed Mr. Gray's convictions for murder with a firearm specification and felonious assault with a firearm specification. On November 28, 2000, the State of Ohio, through the Cuyahoga County Prosecutor, filed its brief in opposition. For the following reasons, this court grants the application in part and denies it in part.
 FACTUAL AND PROCEDURAL BACKGROUND
On November 30, 1998, the Cuyahoga County Grand Jury indicted applicant Ricardo Gray on one count of aggravated murder with a firearm specification and two counts of attempted aggravated murder with a firearm specification. The charges arose out of the shooting death of James D. Russell and the attempted shooting of Arthur Jackson and Mike LNU (last name unknown), following an altercation between two groups of young men.[1] Gray entered a not guilty plea and proceeded to trial.
The case was heard by a jury on February 8, 1999. The State of Ohio called eight witnesses. One of the state's witnesses, Anthony Mixon, testified that Ricardo Gray rode past him on a bike and pulled out a weapon that appeared to be a nine millimeter and fired approximately fourteen rounds. Arthur Jackson also testified that Ricardo Gray shot at him and his friends as Gray rode toward them on a bike. The defense presented three witnesses, all of whom testified that they saw a young man named "Benny" firing a weapon. They further testified that before the shooting, Gray was hit in the head during the altercation. Ricardo Gray did not testify.
The jury found Gray not guilty of aggravated murder and attempted aggravated murder. However, Gray was found guilty of the lesser included offense of murder with a weapon specification and felonious assault with a weapon specification. After the jury verdict, the court proceeded sentencing. The trial court informed the defendant that he was found guilty by twelve jurors of murder, felonious assault and weapon specifications. The court then informed Mr. Gray about his appellate rights and took argument from defense counsel. (T. 842-843.) After engaging in a limited colloquy with Mr. Gray (T. 844), the court asked the state for their position. The state reminded the court that he was convicted of murder and that the sentence was set, and then asked the court to run the felonious assault sentence consecutive. The court then sentenced Gray to fifteen years for murder, five years for felonious assault and three years for each weapon specification which were merged. The court further ordered that the felonious assault sentence was to run consecutive to the sentence on the murder charge. (T. B44-855.)
On March 22, 1999, Mr. Gray, represented by new counsel, timely appealed. On Appeal, Mr. Gray's appellate counsel raised the following arguments: Prosecutorial conduct deprived the appellant of his right to a fair trial; the appellant was denied his constitutional right to be present at every critical stage of his trial; prejudicial hearsay was admitted into evidence which denied the appellant his right of confrontation; and the appellant was denied his right to a fair and impartial jury. In an opinion journalized on August 7, 2000, this court affirmed Mr. Gray's conviction.
Thereafter, on September 11, 2000, Mr. Gray, represented by new counsel, appealed to the Supreme Court of Ohio which denied the appeal on December 7, 2000. In addition to filing an appeal with the Supreme Court of Ohio, Mr. Gray, through counsel, timely filed this application to reopen on October 31, 2000.
 DISCUSSION OF LAW
Mr. Gray, through counsel, contends that appellate counsel was ineffective by failing to raise the following nine assignments of error:
 I. DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 II. DEFENDANT WAS DENIED A FAIR TRIAL WHEN HE WAS ALLOWED TO BE CONVICTED OF MURDER AND FELONIOUS ASSAULT EVEN IF THE DEATH AND INJURY WAS CAUSED BY AN INTERVENING ACT OF ANOTHER PERSON.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT AMENDED THE STATUTE.
 IV. DEFENDANT WAS DENIED DUE PROCESS WHEN THE COURT DILUTED THE REQUIREMENT OF PROVING A SPECIFIC INTENT.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT AMENDED THE STATUTE BY ALLOWING THE PROSECUTOR TO CONVICT IF THERE WAS AN ACT OR FAILURE TO ACT ON BEHALF OF DEFENDANT.
 VI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT GAVE IMPROPER PRESUMPTION TO THE JURY.
 VII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE JURY WAS INSTRUCTED ON A NON-ISSUE OF FLIGHT.
 VIII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE SENTENCES WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA.
 IX. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT INSTRUCT ON VOLUNTARY MANSLAUGHTER.
The state filed a memorandum in opposition to the application for reopening on November 28, 2000. For purposes of our review, we will combine assignments of error two, three and four; and assignments of error five, six and seven.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
Thus, in order for the court to grant the application for reopening, Gray must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
In assignment of error one, Mr. Gray, through counsel, asserts that trial counsel failed to object at critical stages of the proceedings to misstatements of fact and improper questions. Assuming, arguendo, that counsel was ineffective for failing to object, counsel must still demonstrate prejudice. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373. After reviewing the alleged errors, we do not find that counsel established prejudice, nor do we believe that counsel's failure to object effected the outcome of the judgment.
In assignments of error two, three and four, Mr. Gray, through counsel, states that specific jury instructions deprived him of a fair trial, and denied him due process by amending the statute and by diluting specific intent. The record indicates that trial counsel did not object to any of the instructions. Therefore, our review is limited to plain error which is to be used cautiously and only under exceptional circumstances to prevent a manifest miscarriage of justice. State v. Williford (1990),49 Ohio St.3d 247, 551 N.E.2d 1279; State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804.
Plain error will not be found with regard to improper jury instructions unless the outcome of the trial would clearly have been different.Williford, supra, at 253; State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452; State v. Joseph (1995), 73 Ohio St.3d 450, 653 N.E.2d 285. Additionally, when reviewing such assignments of error, a single challenged jury instruction may not be reviewed piecemeal or in isolation but must be reviewed within the context of the entire charge. State v.Hardy (1971), 28 Ohio St, 2d 89, 276 N.E.2d 247; State v. Price (1979),60 Ohio St.2d 136, 398 N.E.2d 772. After reviewing the jury instructions given by the trial court, we do not find plain error. Nor do we find that a manifest miscarriage of justice occurred. Accordingly, appellate counsel was not ineffective for failing to raise these assignments of error.
In assignments of error five, six and seven, Mr. Gray asserts that he was denied due process of law. In support of these three assignments of error, Mr. Gray, through counsel, merely states a jury instruction in support of each assignment of error. In so doing, counsel does not meet the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal. Spivey, supra. Furthermore, counsel fails to establish prejudice.
In assignment of error eight, Mr. Gray, through counsel, claims that he was denied due process of law when he was sentenced to consecutive sentences without consideration of the statutory criteria. "Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences." State v.Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported; see, also,State v. Albert (1997), 124 Ohio App.3d 225, 705 N.E.2d 1274; State v.Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported; State v.Maynard (Mar. 16, 2000), Cuyahoga App. No. 75122, unreported; State v.Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678, unreported; State v.Lockhart (Sept. 16, 1999), Cuyahoga App. No. 74113, unreported; State v.Lesher (July 29, 1999), Cuyahoga App. No. 74469, unreported.
According to R.C. 2929.14(B)(4)
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the revised code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The record of trial indicates that the court imposed consecutive sentences without making any of the requisite findings pursuant to R.C.2929.14(E)(4).
In response, the State of Ohio argues that res judicata prohibits the reopening of this assignment of error. We have consistently held that resjudicata bars granting an application for reopening.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
However, in this matter, we find that the application of res judicata
would not be just. Ohio appellate courts have repeatedly ruled that failure to comply with R.C. 2929.14(B)(4) is reversible error. Furthermore, a court's failure to apply the appropriate statutory criteria can rarely be described as just.
In assignment of error nine, Mr. Gray, through counsel, asserts that he was denied due process of law when the court did not instruct on voluntary manslaughter. We do not find this error to be well taken. A charge on an inferior-degree offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v.Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286; State v. Tyler (1990),50 Ohio St.3d 24, 553 N.E.2d 576; State v. Wilson (1996),74 Ohio St.3d 381, 659 N.E.2d 292. In the matter, sub judice, the evidence does not raise a voluntary manslaughter instruction. Ohio's voluntary manslaughter statute, R.C. 2903.03, reads:
 No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another.
While there was some evidence to suggest that Mr. Gray was hit in the head before the shooting, the defense maintained that Gray was not the shooter. In support of this contention, the defense presented three witnesses who testified that a young man named "Benny" was the shooter. It is obviously inconsistent to argue on appeal that since Mr. Gray was under a sudden fit of rage when he shot and killed James Russell that a voluntary manslaughter instruction should have been given when, during the course of trial, Mr. Gray maintained he was not the shooter. Therefore, as the offense of voluntary manslaughter was not raised by the evidence, the instruction was not required. State v. Kidder (1987),32 Ohio St.3d 279, 533 N.E.2d 286.
Accordingly, assignment of error eight raises a genuine issue as to whether Gray was deprived of the effective assistance of appellate counsel, and this court reopens his appeal, Case No. 76170. The issue on appeal is limited to assignment of error eight.
The clerk of the court of appeals is instructed to reassemble the record in Case No. 76170 as it was during the court's original review of the judgment entered in Case No. 369837 and to supplement the record with any additional findings in Case No. 369837. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry.
Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of Appellant's brief. Applicant's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19, as well as Loc.App.R. 16.
TIMOTHY E. McMONAGLE. P.J., and PATRICIA A. BLACKMON J. CONCUR.
[1] The State of Ohio moved to dismiss without prejudice count two of the indictment charging Ricardo Gray with Attempted Aggravated Murder against Mike LNU which was granted by the court.