JOURNAL ENTRY AND OPINION
In State v. Leek, Cuyahoga County Court of Common Pleas Case No. CR-352977, applicant entered a guilty plea and the court of common pleas issued a judgment of conviction for felonious assault and aggravated burglary. This court affirmed that judgment inState v. Leek (July 29, 1999), Cuyahoga App. No. 74338, unreported. Applicant commenced Case No. 74338 by filing pro se a notice of appeal, motion for leave to filed delayed appeal and motion for appointment of counsel on April 15, 1998. This court assigned counsel to represent applicant in the direct appeal of his conviction.
The court of common pleas denied applicant's motion to withdraw guilty plea by entry received for filing on April 15, 1998. On May 15, 1998, applicant's trial counsel filed a notice of appeal from the denial of the motion to withdraw guilty plea. InState v. Leek (June 10, 1998), Cuyahoga App. No. 74519, unreported, this court dismissed Case No. 74519 for failure to file the record.
In Case No. 74338, appellant counsel asserted two assignments of error:
 I. THE TRIAL COURT ERRED BY FAILING TO HOLD A HEARING ON THE MOTION TO VACATE HIS PLEA IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS.
 II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE COUNSEL GUARANTEED UNDER ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
This court held that it lacked jurisdiction to review the assignment of error pertaining to the denial of the motion to withdraw guilty plea because the notice of appeal did not designate that order as one from which the appeal was taken.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not move to consolidate Case Nos. 74338 and 74519. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
The state argues that applicant's request for reopening is barred by res judicata. We agree.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See[,] generally[,] State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
Applicant did not appeal this court's decision to the Supreme Court of Ohio.
 The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. Resjudicata, therefore, provides a sufficient basis for denying the application.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant complains that appellate counsel was ineffective because he did not move to consolidate Case Nos. 74338 and 74519. That is, applicant asserts that appellate counsel failed to take steps to ensure that this court could review the merits of applicant's assignment of error asserting that he was entitled to a hearing on his motion to withdraw guilty plea.
 After a defendant has been sentenced, a court may permit withdrawal of a plea under Crim.R. 32.1 only to correct a manifest injustice. State v. Caraballo (1985), 17 Ohio St.3d 66, 67. The defendant has the burden of establishing that injustice occurred. State v. Smith
(1977), 49 Ohio St.2d 261, syllabus at paragraph 1. Appellate review of an order denying a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. See State v. Smith, supra, syllabus at paragraph 2; State v. Grigsby (1992), 80 Ohio App.3d 291, 299; State v. Blatnik (1984), 17 Ohio App.3d 201.
 The court need not hold an evidentiary hearing on the motion when the facts alleged by the defendant, even if accepted as true, would not require withdrawal of the plea. State v. Wynn (Dec. 10, 1998), Cuyahoga App. No. 73805, unreported; State v. Nathan (1995), 99 Ohio App.3d 722; State v. Blatnik, supra. Nor is an evidentiary hearing required when the record, on its face, conclusively and irrefutably contradicts the allegations asserted in support of the motion. State v. Legree
(1988), 61 Ohio App.3d 568.
State v. Matthews (Dec. 9, 1999), Cuyahoga App. No. 75297, unreported, at 1.
In light of the authorities cited in Matthews, therefore, the mere absence of a hearing prior to denial of a postsentence motion to withdraw guilty plea does not provide a sufficient basis for us to conclude that appellate counsel was deficient for failing to move to consolidate Case Nos. 74338 and 74519 nor can we conclude that there was a "reasonable probability" that applicant would have been successful on the merits of his assignment of. error asserting that he was entitled to a hearing on his motion to withdraw guilty plea.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
ANN DYKE, A.J., and ANNE L. KILBNE J., CONCUR.
 _________________________ JAMES D. SWEENEY, JUDGE