JOURNAL ENTRY AND OPINION
In State v. Chandler, Cuyahoga County Court of Common Pleas Case No. CR-248244, applicant was convicted of three counts of rape and one court of kidnapping. This court affirmed that judgment in State v. Chandler
(Mar. 5, 1992), Cuyahoga App. No. 59764, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. Chandler (1992), 65 Ohio St.3d 1407,598 N.E.2d 1161. This court assigned the same counsel who represented applicant before this court to represent him in his appeal to the Supreme Court of Ohio. Additionally, applicant was adjudicated a sexual predator and this court affirmed that judgment in State v. Chandler (May 6, 1999), Cuyahoga App. No. 72310, unreported. Applicant did not appeal this court's decision in Case No. 72310.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign as error: the failure of trial counsel to object to certain jury instructions and trial counsel's failure to prepare adequately for trial; and, with respect to the sexual predator proceeding, notice was not adequate and the classification and registration requirements render applicant ineligible for parole. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on March 16, 1992 and this court's decision affirming applicant's adjudication as a sexual predator was journalized on May 17, 1999. The application was filed on January 12, 2001, clearly in excess of the ninety-day limit.
Applicant states that, with respect to his direct appeal: he was unable to obtain a copy of his transcript; he was "separated" from the transcript after being transferred to another institution; and appellate counsel delayed in sending him the transcript. He also states that he has been refused access to the transcript of the proceeding which led to his adjudication as a sexual predator. Applicant also contends that the lack of counsel constitutes good cause for his failure to file a timely application for reopening.
It is well-established, however, that the inability to obtain transcripts is not a sufficient basis for the untimely filing of an application for reopening. See, e.g., State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, at 2-3, appeal dismissed (1998) 84 Ohio St.3d 1409,701 N.E.2d 1019. Likewise, the inability to secure counsel is not a sufficient ground for the untimely filing of an application. State v.Lee (Jan. 16, 1997), Cuyahoga App. No. 70122, unreported, reopening disallowed (May 11, 2001), Motion No. 26230, at 2-3, decision without published opinion (July 25, 2001), [Supreme Court of Ohio Case No. 01-1006]. Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Applicant's request for reopening of Case No. 72310 is also barred byres judicata.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967) 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
Applicant did not appeal this court's decision in Case No. 72310 to the Supreme Court of Ohio.
 The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. As a consequence, res judicata provides a sufficient basis for denying the application for reopening with respect to Case No. 72310.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We mist, therefore, deny the application on the merits.
Applicant's first assignment of error is:
 APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL BY THE INEFFECTIVENESS OF TRIAL COUNSEL FOR FAILING TO OBJECT TO IMPROPER JURY INSTRUCTIONS BY THE TRIAL COURT.
R.C. 2905.01 defines kidnapping and provides, in part:
 (C) Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree.
(Emphasis added.) Applicant complains that his trial counsel did not object to the absence of a definition of the phrase "in a safe place unharmed." "Words of ordinary or common usage need not be defined for the jury. State v. Riggins (1986), 35 Ohio App.3d 1, 8, 519 N.E.2d 397."State v. Taylor (June 7, 2001), Cuyahoga App. No. 78383, unreported, at 8. Applicant has not cited any authority requiring that jury instructions include a definition of the phrase "in a safe place unharmed." We cannot conclude, therefore, that the absence of applicant's first, proposed assignment of error demonstrates either the deficient performance by appellate counsel or prejudice required under Strickland.
Applicant's second assignment of error is:
 APPELLANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WAS VIOLATED WHERE TRIAL COUNSEL FAILED TO PROPERLY RESEARCH, PREPARE AND INVESTIGATE FOR TRIAL, AND SUCH FAILURE PRECLUDED AN EFFECTIVE CROSS-EXAMINATION OF THE STATE'S EXPERT MEDICAL WITNESS, AND TO RAISE PROPER OBJECTIONS.
Applicant asserts that trial counsel did not interview witnesses and did not investigate various witnesses which left trial counsel "unprepared to effectively cross examine the emergency room doctor * * *." Application, at 4. Although applicant cites several pages of the transcript recording the testimony of the doctor, applicant does not refer to anywhere in the record setting forth what the testimony of the "other" witnesses would have been.
 None of the grounds asserted by applicant provides a basic for concluding that his appellate counsel was ineffective. It is well-established that appellate counsel is not required to raise issues which do not arise from facts in the record. See, e.g.: State v. Sherrills (Apr. 5, 1990), Cuyahoga App. No. 56777, unreported, reopening disallowed in part and granted in part (June 24, 1996), Motion No. 55362, at 6 (failure to pursue discovery not in the record); State v. Townsend (May 12, 1988), Cuyahoga App. No. 53715, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50563, at 4 (failure to conduct a proper pretrial investigation).
State v. Kitchen (June 27, 1996), Cuyahoga App. No. 69430, unreported, reopening disallowed (May 22, 1997), Motion No. 79833, at 6-7. See alsoState v. McGowan (Oct. 3, 1996), Cuyahoga App. No. 68971, unreported, reopening disallowed (Feb. 19, 1998), Motion No. 79201, at 7-8. Furthermore, applicant has not demonstrated that he was prejudiced by any of the purported failings of trial counsel. Applicant's second assignment of error is not, therefore, well-taken.
Applicant's third assignment of error is:
 APPELLANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED WHEREIN HE WAS ADJUDICATED A "SEXUAL PREDATOR" AT A HEARIN IN WHICH HE WAS NOT PROVIDED THE REQUISITE NOTICE, OR OF HIS RIGHT TO PRESENT EVIDENCE OR THE ULTIMATE CONSEQUENCES OF SUCH ADJUDICATION.
At the time the court of common pleas held a hearing to determine whether applicant should be classified as a sexual predator, R.C.2950.09(C)(2) provided, in part: "If the court schedules a hearing under this division [governing persons in prison who were convicted and sentenced prior to the January 1, 1997 effective date], the court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense, or that prosecutor's successor in office, notice of the date, time, and place of the hearing." (Emphasis added.)
Applicant contends that the trial court did not provide the requisite notice to him. In support of this contention, applicant cites State v.Hardy (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported. In Hardy, the trial court considered the issue of whether to classify the defendant as a sexual predator after concluding a hearing on a motion for shock probation.
In this case, however, the record reflects that the trial court issued an order requiring the sheriff to return applicant for the sexual predator hearing and assigning counsel for applicant. Applicant and counsel were present at the sexual predator hearing and counsel actively participated in the hearing. Applicant has not demonstrated either that appellate counsel was deficient or that applicant was prejudiced by the absence of this argument on direct appeal. Applicant's third assignment of error is not well-taken.
Applicant's fourth assignment of error is:
 THE TRIAL COURT ERRED IN IMPOSING THE SEXUAL PREDATOR CLASSIFICATION AND REGISTRATION REQUIREMENTS UPON APPELLANT WHEN SUCH CLASSIFICATION AND REGISTRATION REQUIREMENTS PREDETERMINE THAT APPELLANT IS A RISK TO SOCIETY AND TO THE COMMUNITY WHICH RENDERS HIM INELIGIBLE FOR PAROLE PURSUANT TO O.A.C. § 5120-1-1-07.
Applicant argues that his being classified as a sexual predator has deferred if not eliminated his being opportunity to be released on parole. He does not, however, cite any controlling authority consistent with this argument. We cannot, therefore, conclude that appellate counsel was deficient or that applicant was prejudiced by the absence of this assignment of error on direct appeal. Applicant's fourth assignment of error is not, therefore, well-taken.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR.