JOURNAL ENTRY and OPINION
In State v. Drake, Cuyahoga Court of Common Pleas, Case No. 369621, Mr. Drake was convicted of one count of aggravated robbery and one count of felonious assault. This court affirmed that judgment in State v.Drake (Feb. 8, 2001), Cuyahoga App. No. 77460, unreported. On March 30, 2001, Mr. Drake, through the Ohio Public Defender, filed an appeal to the Supreme Court of Ohio which was subsequently dismissed for the reason that no substantial constitutional question existed. Drake, Cuyahoga App. No. 77460, Entry No. 29175, dated June 21, 2001.
On May 9, 2001, Shannon Drake, through the Ohio Public Defender, filed a timely application for reopening. Thereafter, on May 16, 2001, Drake, through counsel, submitted an amended motion to reopen the appeal. In the application, the following errors were asserted:
 I. APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE BY FAILING TO RAISE THE TRIAL COURT'S IMPOSITION OF MAXIMUM CONSECUTIVE SENTENCES WITHOUT MAKING THE NECESSARY FINDINGS IN VIOLATION OF 2929.14 AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO RAISE THE TRIAL COURT'S CONSIDERATION OF UNPROVEN, NOLLED AND JUVENILE OFFENSES IN DETERMINING MR. DRAKE'S SENTENCE. THE TRIAL COURT'S IMPROPER CONSIDERATION OF MR. DRAKE'S PRIOR OFFENSES VIOLATED HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW.
 III. APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE TRIAL COUNSEL'S INEFFECTIVENESS. TRIAL COUNSEL ERRED IN NOT SPECIFICALLY OBJECTING HIS EXCLUSION FROM JURY COMMUNICATIONS. APPELLATE COUNSEL'S LAPSE DEPRIVED MR. DRAKE OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS.
On July 16, 2001, the State of Ohio, through the Cuyahoga County Prosecutor's Office filed a memorandum of law in opposition to the amended motion to reopen appeal. On July 26, 2001, Drake, through counsel, submitted a reply to the State's memorandum of law in opposition to reopening. For the following reasons, we grant the application in part and deny it in part.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
Thus, in order for the Court to grant the application for reopening, Drake must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
In his first assignment of error, Drake, through counsel, asserts that he was denied effective assistance of appellate counsel when counsel failed to raise the trial court's imposition of maximum, consecutive sentences without making the necessary findings in violation of R.C.2929.14.
In the matter, sub judice, the court engaged in the following colloquy:
* * *
 With regard to the aggravated robbery, according to the docket in this particular case, you were a member of a gang, targeting a victim who was pistol whipped, held and robbed, and then the home was burgled (sic) by you and your cohorts. And as a gratuitous act of violence, for a second time the victim was pistol whipped and beaten and that led to the charges of aggravated robbery.
 I find that the facts of this case, considering that you were involved with gang activity, targeting this victim, and the gratuitous violence involved in the commission of the offense, merits you — and in light of your egregious criminal history — ten years incarceration at LCI. By operation of law, you receive credit for time served. The court finds that you are a risk to other members of decent society, and also a risk for a repeat offense.
 With regard to the offense of felonious assault, the court finds that there was a separate animus for the offense of felonious assault, based on the facts of this case, that you pistol whipped this victim after he was down on the ground, and that you were nothing but viciously brutal to the victim. So you are sentenced to five years at LCI. That will be consecutive to the aggravated robbery charge, for which sentence is imposed.
* * *
As reflected above, Drake received the maximum sentence for the aggravated robbery offense, ten years, but did not receive the maximum sentence for the felonious assault charge. The record further indicates that Drake previously served a prison term. Accordingly, we may ignore R.C. 2929.14(B) and can proceed to analyze the decision under R.C.2929.14(C). State v. Hart (Oct. 18, 2001), Cuyahoga App. No. 78776, unreported.
Pursuant to R.C. 2929.14(C):
 * * *, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of the section only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders.
To impose a maximum prison term, there must be a finding on the record that the offender posed the greatest likelihood of recidivism or committed the worst form of the offense. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853, unreported; State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131. The trial court must also state its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(d). While the court is not obligated to cite any magic or talismanic words, the record must be clear that the court made the appropriate findings. Statev. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715. unreported.
In the matter, sub judice, the trial judge properly considered all the necessary factors when sentencing Drake to a maximum prison sentence for the aggravated robbery offense. After reciting the defendant's criminal history which included three prior prison sentences, the court found that Drake was a risk to other members of decent society and a risk for a repeat offense. Additionally, the court stated on the record the aggravating circumstances surrounding this offense.
The next issue is whether the court erred by imposing consecutive sentences. "Pursuant to 2929.14(E)(4), the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Moreover, under 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences." State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported; See, also, State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported; State v. Maynard (Mar. 16, 2000), Cuyahoga App. No. 75122, unreported; State v. Hawkins (Aug. 19, 1999), Cuyahoga App. No. 74678, unreported; State v. Lockhart (Sept. 16, 1999), Cuyahoga App. No. 74113, unreported; State v. Lesher (July 29, 1999), Cuyahoga App. No. 74469, unreported.
According to R.C. 2929.14(B)(4)
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the revised code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The record of trial and a review of the journal entry indicates that the court imposed consecutive sentences without making any of the requisite findings pursuant to R.C. 2929.14(E)(4).
In response, the State of Ohio argues that res judicata prohibits the reopening of this assignment of error. We have consistently held that resjudicata bars granting an application for reopening.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
However, in this matter, we find that the application of res judicata
would not be just. This court has repeatedly held that failure to comply with R.C. 2929.14(B)(4) is reversible error. Additionally, a court's failure to apply the appropriate sentencing criteria can rarely be described as just.
In his second assignment of error, Drake claims that his trial counsel was ineffective for failing to raise the trial court's consideration of unproven, nolled and juvenile offenses during sentencing. Clearly, a court may consider an offender's juvenile record as an indication whether the offender is likely to commit future crimes. See R.C. 2929.12(D)(1). Furthermore, a court may consider other charges, to include charges which were dismissed as part of a plea agreement, during sentencing. State v.Wiles (1991), 59 Ohio St.3d 71, 571 N.E.2d 97; State v. Carty (Nov. 2, 2000), Cuyahoga App. No. 77520, unreported; State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported; State v. Jackson (Sept. 22, 1994), Cuyahoga App. No. 65566, unreported. Accordingly, we do not find this assignment of error to have merit.
In his third assignment of error, Drake, through counsel, states that his appellate counsel was ineffective for not asserting that his trial counsel was ineffective for not specifically objecting to his exclusion from jury communications. In the original appeal, appellate counsel's first assignment of error raised the court's failure to notify, secure the presence of, or consult defense counsel as to juror's questions. As to that assignment of error, this court did not find any prejudicial error. Accordingly, Drake cannot satisfy the second prong of Strickland. Furthermore, because this issue was already raised, argued and found to be without merit in Drake's original appeal, the doctrine of resjudicata bars any further review. State v. Dehler (1995),73 Ohio St.3d 307, 652 N.E.2d 987.
Accordingly, assignment of error one raises a genuine issue as to whether Drake was deprived of the effective assistance of appellate counsel, and this court reopens his appeal, Case No. 77460. The issue on appeal is limited to assignment of error one.
The clerk of the court of appeals is instructed to reassemble the record in Case No. 77460 as it was during the court's original review of the judgment entered in Case No. 369621 and to supplement the record with any additional findings in Case No. 369621. Applicant is granted leave to file a motion to supplement the record within thirty days of this entry. The Ohio Public Defender's office is appointed to represent Mr. Drake.
Applicant's brief on the merits is due within sixty days of the date of this entry. Appellee's brief is due within twenty days of the filing of Appellant's brief. Applicant's reply brief is due within ten days of the filing of appellee's brief. All briefs shall conform with App.R. 16, 18 and 19. as well as Loc.App.R. 16.
TERRENCE O'DONNELL. J., CONCURS. DIANE KARPINSKI. A.J., DISSENTS WITHSEPARATE DISSENTING OPINION.