JOURNAL ENTRY AND OPINION
{¶ 1} In State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-388833, applicant was convicted of: retaliation; aggravated trespassing; two counts of breaking and entering; falsification; and menacing by stalking. This court affirmed that judgment in State v.McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896. The Supreme Court of Ohio dismissed applicant's pro se appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v. McGrath (2002),94 Ohio St.3d 1432 [Supreme Court of Ohio Case No. 01-1933].
 {¶ 2} Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not raise certain assignments of error. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Applicant's request for reopening is barred by res judicata.
 {¶ 4} "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204."
 {¶ 5} State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 6} Applicant filed a notice of appeal pro se to the Supreme Court of Ohio. As noted above, the Supreme Court denied leave to appeal and dismissed the appeal. "Since the Supreme Court of Ohio dismissed [applicant's] appeal * * *, the doctrine of res judicata now bars any further review of the claim of ineffective assistance of counsel." Statev. Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855, reopening disallowed (Mar. 15, 2002), Motion No. 33547, at 5. In light of the fact that we find that the circumstances of this case do not render the application of res judicata unjust, res judicata bars further consideration of McGrath's claim of ineffective assistance of appellate counsel.
 {¶ 7} Res judicata also bars applicant's first assignment of error which states:
 {¶ 8} "THE TRIAL COURT IMPROPERLY ADMITTED OTHER ACTS EVIDENCE CONCERNING THE APPELLANT'S PRIOR FELONY ASSAULTS AGAINST THE VICTIM IN VIOLATION OF EVIDENCE RULE 404(B), R.C. §§ 2945.59 AND THE FOURTEENTH AMENDMENTS [sic] OF THE UNITED STATES CONSTITUTION
 {¶ 9} This assignment of error is the same (except for citation form) as that assigned by appellate counsel on direct appeal. This court reviewed this assignment of error extensively and concluded that the trial court properly admitted the other acts evidence which pertains to applicant's convictions arising from incidents involving the same victim, S.W.
 {¶ 10} "On September 4, 1996, they had a fight during which McGrath, using a baseball bat, fractured her thumb, left wrist and arm, and caused a partial collapse of her left lung. Police photos taken after the attack show her arm in a cast and various bruises and scrapes associated with a physical struggle. As a result of this incident, McGrath pleaded guilty to aggravated assault, a fourth-degree felony, in Cuyahoga County Common Pleas Court Case No. CR-343067 and was sentenced to a term of sixty days in a county workhouse and two years probation. The couple subsequently reconciled.
 {¶ 11} "In June 1997, McGrath and S.W. went to a local bar and an argument ensued when, after midnight, she requested they leave. While driving her home, McGrath repeatedly punched her on the side of her head and told her that he was going to kill her and, after arriving at their apartment, he repeatedly punched her in the face and tried to strangle her with a towel and the electrical cord from a curling iron. * * *
 {¶ 12} "McGrath was then indicted on a variety of charges in Case No. CR-352256, pled guilty to felonious assault, a felony of the second degree, and was sentenced to two years in prison."
 {¶ 13} State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896, at 2- 3.
 {¶ 14} On direct appeal, this court considered the elements of retaliation and menacing by stalking.
 {¶ 15} "Considering that many of McGrath's actions may seem harmless at first glance, the judge correctly permitted the introduction of testimony and photographs relating to his assaults upon S.W. as evidence both of motive and intent to retaliate against and stalk her and, independently, to prove the legitimacy of the threat of harm that McGrath presented to her through his conduct. While one may view McGrath's incessant calling and proclamations of love as over-zealous pursuit by a misguided suitor, these acts, placed within the context of McGrath's threats after release from prison and a realistic view of his actions before incarceration, would undoubtably aid a jury in evaluating his overall conduct and controlling disposition. While the introduction of this evidence was prejudicial to McGrath, we cannot say that it was unfairly prejudicial, nor that the judge abused her discretion in allowing its introduction."
 {¶ 16} Id. at 11-12 (footnote deleted). This court has already reviewed this assignment of error on the merits and concluded that the admission of this evidence was not unfairly prejudicial. The application of res judicata would not, therefore, be unjust and bars applicant's first assignment of error.
 {¶ 17} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 {¶ 18} "In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal."
 {¶ 19} Id. at 25. Applicant cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 20} In his second assignment of error, applicant complains that his trial counsel was ineffective because he refused to investigate applicant's case or adequately prepare for trial.
 {¶ 21} "It is well-established that appellate counsel is not required to raise issues which do not arise from facts in the record. See, e.g.: State v. Sherrills (Apr. 5, 1990), Cuyahoga App. No. 56777, unreported, reopening disallowed in part and granted in part (June 24, 1996), Motion No. 55362, at 6 (failure to pursue discovery not in the record); State v. Townsend (May 12, 1988), Cuyahoga App. No. 53715, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50563, at 4 (failure to conduct a proper pretrial investigation)."
 {¶ 22} State v. Kitchen (June 27, 1996), Cuyahoga App. No. 69430, reopening disallowed (May 22, 1997), Motion No. 79833, at 6-7.
 {¶ 23} Applicant contends that he "gave trial counsel specific instructions to gather information and prepare a defense * * *." Application at 7. Applicant does not identify anywhere in the record which provides a factual basis for this contention. Rather, applicant's statement that he "gave trial counsel specific instructions" is based upon "facts" which are outside the record.
 {¶ 24} Applicant does cite aspects of the record which reflect trial counsel's complaints to the trial court that, despite counsel's communications with the prosecution and request for discovery, counsel was receiving information during trial or as trial was about to commence. Tr. 21-22; 225-227. We cannot conclude that the record in this case substantiates applicant's claim that his appellate counsel was ineffective because he did not assert that trial counsel's preparation constituted the ineffective assistance of trial counsel. Indeed, appellate counsel did assign the ineffectiveness of trial counsel as error by asserting that trial counsel should have stipulated to the prior charges or prosecutions of the victim. This court concluded that the absence of that stipulation did not constitute the ineffective assistance of trial counsel.
 {¶ 25} On direct appeal, this court also observed: "McGrath acted as his own co-counsel, and actively participated in all phases of trial."State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896, at 7. It is well-established that a defendant- appellant who has filed a pro se brief on direct appeal may not maintain an application for reopening. See, e.g., State v. Bruce (Oct. 6, 1997), Cuyahoga App. No. 70982, reopening disallowed (Apr. 9, 2002), Motion No. 36867 [Bruce represented himself at trial and, after appellate counsel was appointed, Bruce filed a brief as well as a motion to dismiss appointed appellate counsel and to allow him to proceed pro se]; State v. Patrick (Sept. 13, 2001), Cuyahoga App. No. 78605, reopening disallowed (Mar. 21, 2002), Motion No. 35687 [Patrick filed a pro se supplemental brief in the direct appeal]. Logic dictates that we conclude that McGrath, who acted as co-counsel during trial, may not maintain an assignment of error in an application for reopening in which the applicant contends that trial counsel was ineffective.
 {¶ 26} Applicant's second assignment of error is not well-taken.
 {¶ 27} In his third assignment of error, applicant complains that the state refused to provide exculpatory evidence. In his application, applicant states that he "filed 2 separate complaints with the Cleveland Police and followed those up with formal complaints to the Cuyahoga County Prosecutors Office in relation to the victim in this case attempting to extort the appellant and when she broke into the appellant's office and [assaulted] him." Application, at 7-8. (The record reflects, however, that the complaints were filed with the City ofCleveland's Prosecutor's Office.) The city refused to produce records relating to the complaints arguing that these records were work product. Tr. at 762.
 {¶ 28} Again, applicant relies on "facts" which are outside the record. This court has held that trial counsel's failure to present exculpatory evidence was a matter outside the record at trial and, therefore, not a basis for reopening. See, e.g., State v. Wheatt (Jan. 16, 1997), Cuyahoga App. No. 70197, reopening disallowed (Jan. 31, 2002), Motion No. 33930, at 7-8. As a consequence, applicant's third assignment of error is not well-taken.
 {¶ 29} In his fourth assignment of error, applicant contends that various aspects of the proceedings before the court of common pleas constitute prosecutorial misconduct. For example, applicant complains that the prosecutor misrepresented the number of telephone calls made from his home and the victim's weight. He also asserts that the state appealed to the jury's sense of law and order. Additionally, he argues that the state improperly vouched for witnesses and stated personal opinions that the police do not lie. In State v. Rogers (July 20, 2000), Cuyahoga App. No. 76355, the appellant contended that the prosecutor had improperly vouched for the veracity of a witness.
 {¶ 30} "Generally, the conduct of a prosecuting attorney during a trial cannot be made a ground of error unless the conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. State v. Papp
(1978), 64 Ohio App.2d 203, 412 N.E.2d 401, cited with approval, State v. Maurer (1984), 15 Ohio St.3d 239, 473 N.E.2d 768."
 {¶ 31} Id. at 6.
 {¶ 32} Applicant has not demonstrated that the state's conduct rendered the trial fundamentally unfair. The record does not support his contention regarding the number of telephone calls. The portion of the transcript applicant cites regarding the victim's weight does not refer to her weight. Although he argues that the prosecutor engaged in "improper vouching for their witnesses and giving personal opinion and that Police don't lie," Application at 10, applicant refers to a page in the transcript at which the prosecutor commented during closing argument regarding applicant's visits to the City of Cleveland Prosecutor's Office by saying: "The City Prosecutor had no reason to lie and no reason to remember that [applicant charged the victim with extortion] because it didn't happen." Tr. at 854.
 {¶ 33} The arguments in the application do not provide a sufficient basis for us to conclude that the conduct of the prosecutor was so egregious as to render his trial fundamentally unfair. Applicant has not, therefore, demonstrated that appellate counsel was deficient or that he was prejudiced by the absence of this assignment of error on direct appeal.
 {¶ 34} In his fifth assignment of error, applicant contends that the manifest weight of the evidence does not support his conviction.
 {¶ 35} "The test for determining whether the conviction was against the manifest weight of the evidence is as follows: "The court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 36} State v. Cripple (June 9, 1993), Cuyahoga App. No. 61773, reopening disallowed (Nov. 13, 1998), Motion No. 97933, at 12-13. Applicant does not, however, identify any portions of the record or otherwise make argument in support of this assignment of error. "Merely asserting error is not sufficient for applicant to demonstrate that both counsel's performance was deficient and that the deficient performance prejudiced him." State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, reopening disallowed (June 21, 2000), Motion No. 12367, at 9.
 {¶ 37} On direct appeal, this court extensively reviewed the facts in the record. This court recited the continuing series of attempts by applicant to contact the victim as well as his filing two criminal complaints against her. In State v. Hughes (Jan 21, 1999), Cuyahoga App. No. 73279, reopening disallowed (Apr. 8, 2002), Motion No. 34775, this court observed:
 {¶ 38} "Upon appeal to this Court, Hughes' appellate counsel was not required to raise and argue assignments of error that were meritless. Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Gumm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v. Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. In addition, Hughes must establish the prejudice which resulted from the alleged deficient performance of appellate counsel. Finally, Hughes must also show that but for the alleged deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996), 74 Ohio St.3d 534, 660 N.E.2d 456. Thus, in order for this Court to grant the application for reopening, Hughes must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5)."
 {¶ 39} Id. at 3-4.
 {¶ 40} Likewise, applicant's appellate counsel was not obliged to argue every conceivable assignment of error. Applicant's merely asserting an assignment of error does not satisfy applicant's burden to demonstrate both a deficiency on the part of appellate counsel and resulting prejudice. Applicant's fifth assignment of error is not, therefore, sufficient to provide a basis for reopening.
 {¶ 41} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
JAMES D. SWEENEY, J. and TERRENCE O'DONNELL, J, CONCUR.